OPINION
{¶ 1} Defendant-appellant Bartholomew Munyan appeals his conviction and sentence from the Perry County Court on one count of contributing to the unruliness of a child. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 1, 2003, appellant was charged with one count of contributing to the unruliness of a child in violation of R.C. 2919.24
and Village of Corning Ordinance 135.18, a misdemeanor of the first degree. At his arraignment on July 29, 2003, appellant entered a plea of not guilty to the charge.
 {¶ 3} Thereafter, a bench trial commenced on August 28, 2003. The following evidence was adduced at trial.
 {¶ 4} On July 1, 2003, Officer Kevin Wintermute of the Village of Corning Police Department was dispatched to appellant's residence[1] in response to a "possible domestic with shoots [sic] fired." Transcript at 2. Chief Walsh from the Shawnee Police Department was the officer's back-up. After knocking on the door a few times, Officer Wintermute observed a male jump up from a couch near the door and take off running through the house with what appeared to be a long weapon. Officer Wintermute then called for additional back-up assistance.
 {¶ 5} Once the Ohio State Highway Patrol arrived, the officers gained entry into the house to secure the weapon. When they went into the house, the officers found a plastic sandwich baggie "full of a green leafy substance that appeared to be marijuana." Transcript at 3. Although appellant, when asked whether there was anyone else in the house, responded in the negative, a sixteen year old girl, Erika Collins, was found locked in a room in the basement. The door to the room was locked from the outside. Erika told the officers that she had smoked a few joints with appellant. Appellant indicated to the officers that he knew that Erika was sixteen years old and that "they smoked a little bit, . . ." Transcript at 5. Appellant also admitted that he had gone and picked Erika up at her residence. The officers recovered two weapons from the room that appellant had been in.
 {¶ 6} On cross-examination, Officer Wintermute testified that Erika was on house arrest at the time of the incident.
 {¶ 7} At trial, appellant testified in his own defense. Appellant testified that, on July 1, 2003, he was watching his brother's house while his brother was on vacation when Erika showed up at the house at midnight. Appellant testified that he did not know that Erika was on probation or house arrest and that Erika "just started going crazy and saying hide me, hide me, hide me." Transcript at 14. Appellant told Erika that "we could go downstairs and I just won't answer the door and you got to leave, after they're [the officers] gone." Transcript at 14-15. Appellant denied that he was holding any of the guns when he ran from the couch. When asked how Erika just showed up at the house that night, appellant responded as follows:
 {¶ 8} "Well I really don't have any explanation, my explanation for that would be that she was always out. You can go around and ask the Shawnee cops they've seen her out they busted her plenty of times. It's just common knowledge the girl was always out. Why is she on probation, I even know that she lived in Zanesville without any body [sic] by herself for quit [sic] a period of time, she was only like twelve or thirteen." Transcript at 17.
 {¶ 9} During his testimony, appellant also denied smoking marijuana in the house that evening and testified that Erika did not smoke any marijuana in front of him. When asked, appellant indicated that he did not know who owned the green leafy substance that was found in the house.
 {¶ 10} At the conclusion of the evidence, the trial court found appellant guilty of contributing to the "delinquency of a minor or unruliness of a minor." Transcript at 20. The trial court, in so holding, stated, in relevant part, as follows:
 {¶ 11} "Based upon the evidence presented the Court will find the defendant Guilty of contributing to the delinquency of a minor or unruliness of a minor. Based upon not the issues involving the drugs because drugs, one the test are not back so it would be impossible for the court to jump to the conclusion that was marijuana. The mere fact Mr. Munyan that you had a sixteen year old girl that you apparently knew was somewhat a troubled child in the house after midnight and then she locked in the basement of the house by your own admission you were occupying. Based upon that then the court will make a finding of guilty." Transcript at 20. As memorialized in a Judgment Entry filed on September 18, 2003, the trial court sentenced appellant to 180 days in jail, with 150 days suspended, placed appellant on probation for a period of one year, and ordered appellant to pay a fine of $500.00 and court costs.
 {¶ 12} Appellant now raises the following assignment of error on appeal:
 {¶ 13} "The trial court erred to the prejudice of the defendant-appellant when it found same guilty of a violation of Ohio Revised Code Section 2919.24 based upon evidence which, if believed, was legally insufficient to support a conviction."
 I {¶ 14} Appellant, in his sole assignment of error, argues that his conviction for contributing to the unruliness of a child in violation of R.C. 2919.24[2] is against the sufficiency of the evidence. We disagree.
 {¶ 15} Our standard of review on the issue of sufficiency of the evidence was established in State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, in which the Court held as follows: "The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. . . ." Jenks,
at paragraph 2 of the syllabus.
 {¶ 16} As is stated above, appellant was convicted of contributing to the unruliness of a child in violation of R.C. 2919.24.[3] R.C. 2919.24
states, in relevant part, as follows: "(A) No person, including a parent, guardian, or other custodian of a child, shall do any of the following:
 {¶ 17} "(1) Aid, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court becoming an unruly child, as defined in section 2151.022 of the Revised Code, or a delinquent child, as defined in section 2152.02 of the Revised Code; . . ." An unruly child is defined in R.C. 2151.022 as follows:
 {¶ 18} "(A) Any child who does not submit to the reasonable control of the child's parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient;
 {¶ 19} "(B) Any child who is an habitual truant from school and who previously has not been adjudicated an unruly child for being an habitual truant;
 {¶ 20} "(C) Any child who behaves in a manner as to injure or endanger the child's own health or morals or the health or morals of others;
 {¶ 21} "(D) Any child who violates a law, other than division (A) of section 2923.211 or section 2151.87 of the Revised Code, that is applicable only to a child."
 {¶ 22} Upon our review of the evidence, we find that any rational trier of fact could have found that appellant aided, abetted, induced, caused, encouraged or contributed to Erika becoming an unruly child. As noted by the trial court, evidence was adduced at trial that appellant let Erika, a sixteen year old girl, into his house after midnight and that Erika did not have permission from her guardian to be out. Testimony was also adduced that appellant knew Erika "was always out," had been busted by the police "plenty of times," and had lived by herself for a period of time when she was twelve or thirteen. Transcript at 17. Evidence also was adduced that, when Erika asked appellant to hide her, appellant locked her into a basement room and helped her avoid detection by the police.
 {¶ 23} In short, we find that the evidence was legally sufficient to support appellant's conviction for contributing to the unruliness of a child in violation of R.C. 2919.24. Construing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant, by hiding Erika in his house after midnight, aided, abetted, induced, caused, encouraged or contributed to Erika engaging in conduct detrimental to her health and morals.
 {¶ 24} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Perry County Court is affirmed.
By: Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The house was owned by appellant's brother.
[2] While appellant also was convicted of contributing to the unruliness of a child in violation of Corning Village Ordinance 135.18, appellant has not argued such section in his appeal.
[3] Appellant, in his brief, argues, in part, that the trial court's Judgment Entry convicted appellant of an offense for which he was not charged-contributing to the delinquency of a child. However, the trial court, on the record at the August 28, 2003 trial, found appellant guilty of contributing to the unruliness of a child. The trial court also indicated, at the start of the trial, that appellant had been charged with contributing to the unruliness of a child.